IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS JAMES SMITH, SR.,
ADC #120631                                                                                      PLAINTIFF

v.                                              5:09CV00307BSM/HLJ

GEORGE EDWARD BARNES, SR., et al.                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District

          Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

### MEMORANDUM AND ORDER

Plaintiff Dennis James Smith, Sr., a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if

it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

Plaintiff Smith originally filed this action, naming several non-inmate individuals as co-plaintiffs. By Order dated October 19, 2009, this Court directed all the plaintiffs to submit either the $350.00 filing fee or applications to proceed in forma pauperis (DE #2). The Court further reminded plaintiffs that their failure to respond to the Court Order would result in their dismissal from this complaint. Only plaintiff James Smith, Sr. responded to the Order by filing an in forma pauperis application. Therefore, pursuant to Local Rule 5.5(c)(2), the remaining plaintiffs Eddie Smith, Sr., Mrs. Eddie Smith, Sr., Shirley Bingham, and Al Bingham, should be dismissed from the complaint for failure to prosecute.[1]

Having reviewed the complaint as a whole, however, the Court finds that it must be dismissed for failure to state a claim. In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114,

---

[1] Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

1118 (E.D.MO 1993). In this particular case, however, plaintiff alleges that defendant, a private individual who testified as a witness in plaintiff's criminal action, committed perjury. Since plaintiff identifies defendant as a store owner in Reed, Arkansas, and not as an individual employed by the state and acting on behalf of the state, plaintiff fails to state a claim for relief under § 1983, and his complaint should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED, that pursuant to 28 U.S.C. §1915A(b)(1), plaintiff Dennis James Smith's complaint against defendant is DISMISSED for failure to state a claim.[2]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal taken from an Order and accompanying Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 30th day of November, 2009.

_____
Henry L. Jones, Jr.
United States Magistrate Judge

---

[2] This dismissal is considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, which provides that a prisoner may not file a <u>pro se</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.